IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES DENNIS FRIEDMAN,<br><br>    Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>2:18-cv-906<br><br>Chief District Judge Robert J. Shelby |

Before the court is Petitioner Charles Dennis Friedman's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.[1] The basis for the Motion is the United States Parole Commission's decision to run its parole violation term consecutively to this court's 24-month supervised release violation (SRV) term.[2] Friedman contends the government breached its plea agreement by deciding to run its parole violation term consecutively, rather than concurrently.[3] To remedy this breach, Friedman asks the court to vacate the 24-month SRV term it imposed in 2007, and impose instead a 1-day SRV term.[4] After consideration of the parties filings,[5] and as explained below, and the court DENIES Friedman's Motion as untimely.

28 U.S.C. § 2255(f) establishes a one-year period of limitation for § 2255 Motions. The limitation period runs from the latest of:

    **(1)** the date on which the judgment of conviction becomes final;

---

[1] Dkt. 1.

[2] The facts of this case are complicated and are set forth in the government's memorandum in opposition, Dkt. 9, in Friedman's supplemental brief, Dkt. 18, and in other written documents filed in related cases. *See, e.g.*, 2:99-cr-100 (D. Utah), Dkt. 92 (detailing history).

[3] Dkt. 1.

[4] *Id.*

[5] Dkts. 1, 2, 3, 5, 9, 10, 18, 19, 20.

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[6]

Here, Friedman's § 2255 Motion—which he filed on November 20, 2018[7]—is untimely regardless of which trigger applies. First, the date of final judgment Friedman now challenges was March 1, 2007.[8] The time to challenge the consecutive nature of the 24-month SRV sentence thus expired on March 1, 2008. Second and third, Friedman does not claim the government unlawfully impeded his filing of a § 2255 motion, nor does he claim the Supreme Court recently recognized a new right.

Fourth, Friedman could have discovered the facts supporting his breach of plea agreement claim on June 19, 2013. On that date or shortly thereafter, Friedman received from the U.S. Parole Commission a Notice of Action, informing him he would be subject to serving his parole violation term only after he completed sentences for his 2005 bank robbery and the consecutive sentence for his 1999 bank robbery.[9] The Notice of Action informed Friedman the decision is not appealable.[10]

---

[6] 28 U.S.C. § 2255(f).

[7] Dkt. 1.

[8] *See* 2:99-cr-0100, Dkts. 79 & 80.

[9] *See* 2:02-cv-1421, Dkt. 6, Ex. 3.

[10] *Id.*

Friedman argues the Notice of Action did not adequately notify him of its decision to run its parole violation term consecutively to this court's 24-month SRV term.[11] He states, "the USPC only determines whether to revoke parole/mandatory release <u>after</u> it executes its warrant."[12] For three independent reasons, the court cannot accept Friedman's argument that the Notice of Action failed to adequately inform him of the facts supporting his breach of plea agreement claim.

First, the Notice of Action informs Friedman that the Parole Commission intended to prevent his *immediate* release upon completion of his 151-month sentence for his 2005 robbery and consecutive 24-month sentence for his violation of the terms of release for his 1999 robbery. Based on Friedman's view of his 2005 plea agreement, failure to immediately release him following completion of the 175-month sentence would constitute breach of the plea agreement.

Second, based on notice substantially similar to that contained in the Notice of Action, Friedman previously filed a § 2255 Motion pursuing the same theory of breach in 2003.[13] In the 2003 Motion, Friedman stated—as the reason for bringing his Motion—that someone "informed him the United States Parole Commission would see him only when he is 'done' with his new and present commitment."[14] If anything, the present written Notice of Action is clearer than the 2003 oral communications that gave rise to Friedman's successful 2003 Motion.[15]

---

[11] Dkt. 10 at 6.

[12] *Id.*

[13] Dkt. 60 at ECF Pagination 9–10.

[14] *Id.*; *see also id.* at ECF 11 (asserting, as a basis for his § 2255 Motion, that prison officials told Friedman "they cannot and will not administratively release him to the parole violation detainer").

[15] Friedman's argues his claim was not ripe until the date the Parole Commission executed the warrant on October 14, 2018. Dkt. 1, Ex. 4 at 4. The success of the 2003 Motion, however, undercuts his ripeness argument.

Third, Friedman previously sought the exact relief he now seeks based on the Notice of Action.[16] On May 9, 2018, Friedman filed a Motion to Amend his 2003 Motion, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.[17] On June 21, 2018, Friedman filed a Motion to Set Aside Judgment Pursuant to Rule 60(b)(6).[18] Although the court denied those Motions on October 2, 2018,[19] those Motions demonstrate Friedman was well aware of the facts supporting his breach of plea agreement claim prior to October 14, 2018.

The court concludes Friedman could have, through the exercise of due diligence, discovered the facts supporting his breach of plea agreement claim when he received the Notice of Action on June 19, 2013. Indeed, it appears Friedman discovered those very facts, and chose to seek relief under Rule 15(c) rather than § 2255. In any event, because he failed to file his § 2255 Motion within one year of that date, his Motion is DENIED as untimely. The clerk of court is directed to close the case.

So **ORDERED** on this 24th day of May, 2019.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge

---

[16] *See generally* 2:02-cv-1421 at Dkts. 7, 17.

[17] 2:02-cv-1421, Dkt. 7.

[18] 2:02-cv-1421, Dkt. 8.

[19] 2:02-cv-1421, Dkt. 17.