IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES DENNIS FRIEDMAN,<br><br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>2:18-cv-906<br><br>Chief District Judge Robert J. Shelby |

This case arises from the United States' alleged breach of a 2000 plea agreement.[1] In a prior Memorandum Decision and Order, the court dismissed as untimely Petitioner Charles Dennis Friedman's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[2] Now before the court is Friedman's Motion to Alter or Amend the Judgment entered pursuant to the MDO.[3]

Rule 59 of the Federal Rules of Civil Procedure governs Friedman's Motion to Alter.[4] There exist three potential grounds for relief under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error

---

[1] *See* Dkt. 1 at 1; Dkt. 1, Ex. A at ¶ 13(a) ("The government further agrees to recommend that any sentence imposed on the instant offense be served concurrently with any and all undischarged terms of imprisonment, including the remainder of the undischarged term of imprisonment due to the 1986 bank robberies."). *But see* Dkt. 1, Ex. A at ¶ 2 ("I understand that a term of supervised release will be added to any prison sentence imposed. If I violate the supervised release term, I can be returned to prison for the remainder of my sentence and for the full length of the supervised release term.") (underscore in original). Although not identified by Friedman in the Motion to Alter, the court previously referred to the "2005 plea agreement" as forming the basis for Friedman's case. *See* Dkt. 22 at 3. However, that reference was in error. As the court's prior MDO shows, the court understood and continues to understand that the 2000 plea agreement forms the basis for Friedman's case.

[2] Dkt. 22 at 4.

[3] Dkt. 24.

[4] *Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) ("[A] motion constitutes a Rule 59(e) motion if it requests a substantive change in the district court's judgment or otherwise questions its substantive correctness.") (internal quotation marks omitted).

or prevent manifest injustice."[5] Further, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[6] However, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[7]

In his Motion to Alter, Friedman sweeps imprecisely across Rule 59 grounds for relief, arguing "the court misapprehended the facts, Mr. Friedman's position, and controlling law."[8] He requests that the court revisit its prior MDO and rule on the merits of his underlying § 2255 Motion.[9] Having carefully reviewed Friedman's Motion to Alter,[10] papers relating to Friedman's § 2255 Motion,[11] the court's prior MDO,[12] *United States v. Denny*,[13] and having independently researched controlling precedent concerning ripeness,[14] the court concludes Rule 59 offers Friedman no relief for the four reasons briefly explained below.

First, Friedman's Motion to Alter presents new arguments and cites new authorities not previously advanced or cited in his § 2255 Motion or supplemental briefing. In doing so,

---

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[6] *Id.*

[7] *Id.*

[8] Dkt. 24.

[9] Dkt. 24 at 1.

[10] Dkt. 24.

[11] Dkts. 1, 9, 10, 18, 19.

[12] Dkt. 22.

[13] 694 F.3d 1185 (10th Cir. 2012).

[14] *See infra* notes 23 & 24 and accompanying text.

Friedman inappropriately calls on the court to "revisit issues already addressed."[15] Second, the new evidence to which Friedman refers would not change the outcome of the prior MDO.[16]

Third, Friedman's argument that the court improperly applied in its MDO a subjective standard concerning reasonable diligence is incorrect.[17] He cites for support *Denny*.[18] Contrary to Friedman's contention, consideration of all the information available to a Petitioner at the relevant time does not amount to application of a subjective standard. As the Tenth Circuit observed in *Denny*,

> "[t]he exercise of reasonable diligence is an ongoing process. What is required at any particular time depends on what one has notice of at that time. When additional information is obtained, the standard of reasonable diligence may demand action that would not have been demanded without receipt of the information."

Here, unique information rested in Friedman's memory at the relevant time. When Friedman received the Notice of Action at issue in this case, he knew that a verbal statement from a prison official, coupled with a previous Notice of Action, served a basis for his § 2255 Motion in 2003.[19] He knew that he prevailed on that Motion.[20] Along with the Notice of Action, this information triggered § 2255(f)'s limitations period. Viewing the Notice of Action in this case against the backdrop of these unique facts, the court remains convinced "Friedman could

---

[15] *Servants of Paraclete*, 204 F.3d at 1012 ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). *Compare* Dkt. 1, Ex. 4, at 4 (advancing a ripeness argument in a single paragraph) *with* Dkt. 24 at 4–10 (advancing a ripeness argument in six pages).

[16] *See* Dkt. 24 at 10–11.

[17] Dkt. 24 at 3.

[18] 694 F.3d 1185 (10th Cir. 2012).

[19] *See* Case No. 2:99-cr-100-DB, Dkt. 60, at ECF pagination 9–13; Dkt. 64, at ¶ 5 ([The court makes the following Findings:]) "5. That on December 12, 2001, the Parole Commission issued an unappealable Notice of Action wherein it ordered that the Detainer would remain unexecuted pending Defendant's completion of Sentence. Accordingly, the Parole Commission's warrant will not be executed until <u>after</u> Defendant completes his 71 month sentence.").

[20] *See* Case No. 2:99-cr-100-DB, Dkt. 60.

have, through the exercise of due diligence, discovered the facts supporting his breach of plea agreement claim when he received the Notice of Action on or about June 19, 2013."[21]

Fourth, even if Friedman's new ripeness arguments cleared Rule 59's procedural hurdles, they likely would stumble on the merits. The Notice of Action is an unappealable decision by the United States Parole Commission, directing the Bureau of Prisons to execute and return a warrant.[22] The Notice of Action is thus akin to supervised release terms: both are "final" for ripeness purposes yet "subject to later modification."[23] For the same reasons a defendant can generally challenge supervised release terms prior to the imposition of those terms,[24] it seems a Petitioner may assert a breach of plea agreement claim prior to *any* detention beyond that contemplated in the plea agreement,[25] especially when that Petitioner possess a Notice of Action that commands breach. More fundamentally, Friedman cites no legal authority supporting his doubtful contention that a Petitioner may escape a limitations period by belatedly calling out—rather than timely advancing and testing—the perceived legal vulnerabilities of his own claim.[26]

---

[21] Dkt. 22 at 4.

[22] Dkt. 7, Ex. 3.

[23] *United States v. Vaquera-Juanes*, 638 F.3d 734, 736 (10th Cir. 2011) (citing *United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011) ("Conditions of supervised release form a part of the criminal judgment and thus, in the Article III sense, a challenge to them involves a genuine case or controversy because the judgment is a final court order binding on an incarcerated defendant at the time of his appeal.").

[24] *See id.* at 736–38; *United States v. Ford*, 882 F.3d 1279, 1283–85 (10th Cir. 2018); *United States v. White*, 244 F.3d 1199, 1202–04 (10th Cir. 2001).

[25] Detention in contravention of a plea agreement causes legally cognizable injury, be that detection a few minutes, hours, or decades. *See Vaquera-James*, 638 F.3d at 736 (rejecting the argument that "challenges to conditions of supervised release brought wile a defendant . . . is still serving an antecedent period of imprisonment are never ripe because the conditions may never be enforced.").

[26] *See Eagle-Picher Indus., Inc. v. U.S. E.P.A.*, 759 F.2d 905, 914 (D.C. Cir. 1985) ("As a general proposition, however, if there is any doubt about the ripeness of a claim, petitioners must bring their challenge in a timely fashion or risk being barred. Courts simply are not well-suited to answering hypothetical questions which involve guessing what the court might have done in the past."); *see also id.* at 912 ("It is the duty of the court to make the prudential judgment whether a challenge to agency action is ripe; it is the responsibility of petitioners to file for review within the period set by Congress.").

For the reasons given, the court DENIES Friedman's Motion. So ORDERED on this 16th day of August, 2019.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge